IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

   Vs.                              No.  03-40101-SAC

JERDIN O. YANES,

        Defendant.


MEMORANDUM AND ORDER

       A two-count indictment was returned against the defendant Jerdin O. Yanes on September 10, 2003. ECF# 15. The first count charged him with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in the District of Kansas from on or about July 27, 2003, to August 20, 2003, in violation of 21 U.S.C. § 846. *Id.* The second count charged him with possession with intent to distribute 5 kilograms or more of cocaine on August 20, 2003, in the District of Kansas in violation of 21 U.S.C. § 841(a)(1). *Id.* The prior criminal complaint filed in this case reveals the charges result from a traffic stop on August 20, 2003, conducted by a Russell County Sheriff Officer along I-70 highway in Russell County, Kansas. The officer searched the vehicle operated by Yanes and found false compartments from which approximately 7 kilograms of cocaine were recovered.  Arrested and arraigned on these charges, Yanes was appointed counsel who filed pretrial motions. Yanes was put on pretrial release with conditions that he reside at CCI, Grossman Center. On October 17, 2003, the court sent out notice for a change of plea hearing. (ECF# 28). But on October 29,

1

2003, a petition for an arrest warrant was granted, because the defendant had left the facility and his whereabouts were unknown. ECF# 29. Over three months later, the court denied the defendant's pretrial motions as moot. ECF# 31. And the court's docket sheet shows no activity for over eight years until the government filed a motion to dismiss the indictment without prejudice which the court granted in July of 2012. ECF## 32 and 33. The arrest warrant was returned as unexecuted over two years later in 2014. ECF# 34.

Almost 18 years after the filing of the indictment and almost 9 years after the indictment was dismissed, Yanes has filed a *pro se* motion asking for the indictment in this case to be dismissed with prejudice. ECF# 35. He argues first that he was convicted of the Kansas charges and sentenced to 350 months of imprisonment in the case of *United States v. Jerdin Yanes*, No. 09-CR-0063-ART (E.D. Ky. 2011), and that he is scheduled for release from imprisonment in November of 2023. *Id.* He also argues that because the government failed to proceed to trial within 70 days of the Kansas indictment and because of his subsequent Kentucky conviction on the same charges, the court should dismiss the Kansas indictment with prejudice.  The court had the defendant's motion docketed as a motion for reconsideration due to the Kansas indictment already being dismissed without prejudice.

At the court's direction, the government has filed a response (ECF# 37) and a supplemental response (ECF# 39) representing that the following proceedings have occurred which conclusively establish the defendant's motion completely lacks a legal and factual basis for relief. The indictment in the Eastern District of Kentucky case referenced by Yanes charged only his criminal conduct occurring between 2007

2

and 2009 in Laurel County, Kentucky. During the pendency of that federal prosecution in Kentucky, the U.S. Attorney for the District of Kansas in July of 2010 approved a Rule 20 transfer of the Kansas action for plea and sentence made by the Eastern District of Kentucky. Yanes, however, eventually rejected the plea agreement that included the Kansas indictment, and he was convicted at trial on the Kentucky indictment alone. Consequently, Yanes was not convicted or sentenced on the charges in the Kansas indictment as he asserts. The court finds no merit to the defendant's contention that the government wrongly failed to bring him to trial within 70 days on his Kansas indictment. The record here establishes that he absconded while on pretrial release. The government represents that the United States Marshal Service filed a detainer in 2009 when Yanes was arrested on the warrant stemming from the Kentucky charges. The government denies that Yanes ever exercised his right to demand trial under 18 U.S.C. § 3162(j) on the Kansas indictment while the detainer was effective and the Kansas indictment was pending. With the dismissal of the Kansas indictment in 2012, there is nothing pending, and the defendant's motion is therefore moot.

IT IS THEREFORE ORDERED that the defendant Yanes' motion to dismiss indictment and/or to reconsider (ECF# 35) is denied.

Dated this 24th day of September, 2021, Topeka, Kansas.


/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge